UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BERNSTEIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE GLOBAL ATLANTIC FINANCIAL GROUP LLC,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant, The Global Atlantic Financial Group ("Global Atlantic" or "Defendant"), files this Notice of Removal of Plaintiff's civil action from the Supreme Court of the State of New York, County of New York, to this Court based on the Class Action Fairness Act ("CAFA"). In support of its Notice, Defendant states as follows:

**PLEADINGS AND BACKGROUND**

1.      On or about September 15, 2023, Plaintiff Michael Bernstein ("Plaintiff") filed a purported class action complaint in the Supreme Court of the State of New York, County of New York, Case No. 159108/2023 (the "State Court Action"). *See* State Court Action Complaint, attached hereto as **Exhibit A** ("Complaint").

2.      Service of the Complaint was accepted by Defendant The Global Atlantic Financial Group, LLC on October 13, 2023. A true and correct copy of the Summons and Proof of Service are attached as **Exhibit B**.

3.      The Complaint alleges that Global Atlantic failed to adequately protect Plaintiff's and the Class's Private Information and seeks damages and injunctive relief.

4.      A copy of the docket in the State Court Action is attached as **Exhibit C**.

5. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the state court action are attached to this Notice of Removal as Exhibits A-C.

6. Nothing in this Notice of Removal shall constitute a waiver of Global Atlantic's right to assert any defense, including a motion to dismiss, as the case progresses.

## PROCEDURAL REQUIREMENTS

7. Removal of this action is timely because Global Atlantic accepted service of Plaintiff's Complaint on October 13, 2022. *See* Exhibit B. In accordance with 28 U.S.C. § 1446(b), Global Atlantic seeks to remove the Complaint within thirty (30) days of first being served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the time to remove an action runs from receipt of service of process).

8. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

9. Pursuant to 28 U.S.C. § 1446(b), Global Atlantic will promptly provide written notice of removal of the action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York for the County of New York.

## SUBJECT MATTER JURISDICTION

10. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

11. Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in

controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d) further provides that, for original jurisdiction to exist, "any member of a class of plaintiffs" must be a "citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

12. As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a), Global Atlantic may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action; (ii) the putative class includes more than one hundred (100) members; (iii) members of the putative class are citizens of a state different from that of Defendant; and (iv) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See Gale v. Chi. Title Ins. Co.*, 929 F.3d 74, 77 (2d Cir. 2019).

## This Action is Pled as a Class Action

13. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B).

14. Plaintiff brings this action as a "class action" and seeks class certification pursuant Article 9 of the New York Civil Practice Law and Rules (NY CPLR). *See* Exhibit A at ¶ 60. Because New York's class action rules are "patterned on Federal Rule of Civil Procedure 23," *Alix v. Wal-Mart Stores, Inc.*, 838 N.Y.S. 2d 885, 852 n.6 (Sup. Ct. 2007); *Ramirez v. Oscar De La Renta, LLC*, No. 16-CV-7855 (RA), 2017 WL 2062960, at *1, *9 (S.D.N.Y. May 12, 2017), the first CAFA requirement is met, *see* Exhibit A at ¶ 37 ("This action is brought and may be properly maintained as a class action . . .").

## The Putative Class Includes at Least One Hundred (100) Members

15. Plaintiff alleges that on July 28, 2023, he received a letter from Global Atlantic "informing him that sensitive private information he had supplied to Global Atlantic, including his

3

name, social security number, date of birth, and policy number(s) . . . were illegally accessed and downloaded by cybercriminals." Exhibit A at ¶ 2. Plaintiff further alleges that the criminals had exploited an "unknown vulnerability" in a server operated by a third-party vendor that provides services to Global Atlantic. *Id*. at ¶¶ 2-3. According to Plaintiff, Global Atlantic "fail[ed] to protect Plaintiff and the Class Members' PII and the proposed Class have suffered and will continue to suffer damages, including monetary losses, lost time, anxiety, and emotional distress." *Id*. at ¶ 40.

16. Based on these allegations, Plaintiff asserts seven causes of action against Global Atlantic: (1) negligence, (2) negligence *per se*, (3) breach of contract, (4) unjust enrichment, (5) violations of New York General Business Law ("NYGBL") § 349, (6) violations of New York General Business Law ("NYGBL") § 899, (7) violations of the New Jersey Consumer Fraud Act, and (8) violations of the New Jersey Customer Security Breach Disclosure Act. *Id.* at ¶¶ 65-137.

17. Plaintiff purports to bring these causes of action on behalf of himself, a nationwide class, and a New Jersey Subclass (the "Class"). *Id.* at ¶ 60. Plaintiff defines the nationwide class as "[a]ll individuals who received a Notice Letter from Defendant notifying them that their PII was compromised in the Data Breach." *Id*. Plaintiff defines the New Jersey subclass as "[a]ll individuals residing in New Jersey who received a Notice Letter, notifying them that their PII was compromised in the Data Breach."

18. While Plaintiff does not allege the exact number of the Class, Plaintiff alleges that the Class is "so numerous that joinder would be impracticable" and that the Class "may exceed two million" members *Id*. at ¶ 63.

19. Global Atlantic mailed notification to approximately 1,173,209 people within the United States stating that their information may have been impacted in the Security Incident.

20. Therefore, the number of putative class members exceeds the statutorily required

4

minimum of 100.

**Minimal Diversity of Citizenship Exists**

21. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class in which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant." *See also* 28 U.S.C. § 1332(d)(1)(D) (Under CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); *Fleisher v. Phoenix Life Ins. Co.*, 997 F. Supp. 2d 230, 238 (S.D.N.Y. 2014) ("[M]inimal diversity [is] diversity between any plaintiff class member and any defendant.").

22. Plaintiff's and the Putative Class's Citizenship. Plaintiff alleges in the Complaint that he "is a citizen of New Jersey." Exhibit A at ¶ 14.

23. Plaintiff also seeks to represent a class that (1) includes "[a]ll individuals who received a Notice Letter from Defendant notifying them that their PII was compromised in the Data Breach," *id*. at ¶ 60, and (2) that is not geographically limited. To date, Global Atlantic has sent notification of the Security Incident to addresses in all 50 states and the District of Columbia. And while Global Atlantic mailed over one million notification letters to potentially impacted persons, only approximately 9,110 of those went to New York addresses. Thus, Plaintiff's proposed class likely includes citizens from every state in the country.

24. Defendant's Citizenship. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 60 (2d Cir. 2016) ("For purposes of diversity jurisdiction, a corporation is deemed, as relevant here, to be a citizen both of the state in which it has its principal place of

business and of any state in which it is incorporated."). Here, Plaintiff alleges that Global Atlantic is a "Bermuda limited liability company with its principal place of business in New York, New York." Exhibit A at ¶ 14.

25. So long as any one member of the putative class is a citizen of another State, diversity exists for purposes of removal under CAFA. Plaintiff is a citizen of New Jersey and it is more likely than not that members of the putative class are citizens from all 50 states. Global Atlantic is a citizen of New York for purposes of diversity jurisdiction. Thus, minimal diversity of citizenship exists pursuant to CAFA.

26. <u>No CAFA Exceptions Apply</u>. There are "[t]hree enumerated exceptions to the exercise of CAFA jurisdiction [that] exists: the 'local controversy' and 'home state controversy' are mandatory exceptions; whereas the 'interests of justice' exception is discretionary." *Brook v. UnitedHealth Group Inc.*, No. 06-cv-12954, 2007 WL 2827808, at *3 (S.D.N.Y. Sept. 27, 2007) (citing 28 U.S.C. §§ 1332(2)(4)(A)-(B)). Under the "local controversy exception," the court is required to decline to exercise jurisdiction when, among other things, "during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." *Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 282 (W.D.N.Y. 2017) (quoting 28 U.S.C. § 1332(d)(4)(A)). Similarly, under the "interests of justice exception" the court may decline jurisdiction if "during the 3–year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." *Hart v. Rick's NY Cabaret Intern., Inc.*, 967 F. Supp. 2d 955, 968 (S.D.N.Y. 2014) (quoting 28 U.S.C. § 1332(d)(3)). And under the "home state" exception, "[a] district court is to decline jurisdiction [ ] where the primary defendants and at least two-thirds of the class members are

citizens of the State in which the action was originally filed." *Brook*, 2007 WL 2827808, at *5.

27. First, the "local controversy" and "interests of justice" exceptions do not apply because there has been a class action filed within the last three years that asserts the same or similar claims on behalf of the same persons. *See id*. at *4. Specifically, on September 09, 2023, plaintiff Michael Clancy, individually and on behalf of all other similarly situated, filed a class action in this Court against Global Atlantic arising from the same data security incident. *Clancy v. Global Atlantic Financial Group*, No. 1:23-cv-07975 (S.D.N.Y) ("Clancy Class Action"). The same week, plaintiffs Eudoice Hendrix and Marcelina Guzman each filed additional duplicative class action complaints in this Court. *Hendrix v. Global Atlantic Financial Company, et al.,* No. 1:23-cv-08058 (S.D.N.Y. Sep. 12, 2023) ("Hendrix Class Action); *Guzman v. Global Atlantic Financial Company,* 1:23-cv-08150 (S.D.N.Y. Sep. 14, 2023) ("Guzman Class Action")[1].

28. There can be no dispute that (1) the Clancy, Hendrix, and Guzman Class Actions involve the same factual allegations as those at issue in this case; (2) all the class actions were brought against the same defendant— Global Atlantic; and (3) it was filed within three years before this case. *See Carter*, 260 F. Supp. 3d at 282. There is also no requirement that the purported plaintiff classes be the exact same for these exceptions to apply. *Id*. at 284. Rather, "[t]he inquiry is whether similar factual allegations have been made against the defendant in multiple class actions." *Id.* at 284 (quoting S. REP. NO. 109–14 at 41(2005)). The purpose of the "no other class action" requirement "was to prevent the remand to state courts of 'copy cat' class actions, where 'duplicative class actions asserting similar claims on behalf of essentially the same people' were filed and pending in different courts." *Hart*, 967 F. Supp. 2d at 967 (quoting *Brook*, 2017 WL

---

[1] On October 4, 2023, the Joint Panel on Multidistrict Litigation issued a Transfer Order consolidating certain actions relating to the MoveIt data security incident, which is the subject of Plaintiff's complaint. On October 25, 2023, the Clancy, Hendrix, and Guzman Class Actions were transferred to the MoveIt MDL. *See In Re: Moveit Customer Data Security Breach Litigation*, MDL No. 3083, Dkt. 373 (J.P.M.L. Oct. 25, 2023).

282808, at *4)). Accordingly, the "local controversy" mandatory exception and the "interests of justice" discretion exceptions do not apply here, and the Court may exercise jurisdiction under CAFA.

29. Second, Plaintiff could never demonstrate that CAFA's "home state exception" applies. With over one million putative class members with addresses in all 50 states, there simply is no way to know the citizenship of each putative class member without speaking directly to each of those individuals. *See Hart*, 967 F. Supp. 2d at 964 (stating that the key question is whether the class member "intended to make New York [their] permanent home"). Only a fraction of the notified population even reside in New York, let alone potentially have the requisite intent to remain. All the other notified persons "lack[ ] the intent to make New York [their] home [are] not a New York citizen for purposes of 28 U.S.C. § 1332." *Id*.

30. In sum, none of the CAFA exceptions apply and minimal diversity exists.

**The Amount in Controversy Exceeds the CAFA Threshold[2]**

31. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C.A. § 1446(c)(2)(B). The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014).

---

[2] The amounts set forth in this Notice of Removal are solely for the purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Global Atlantic denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

32. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

33. <u>NYGBL Claim</u>. Plaintiff alleges that "Global Atlantic engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce and furnishing of services, in violation of N.Y. Gen. Bus. Law § 349(a)." *Id*. at ¶ 98.

34. Plaintiff further alleges that as a result of Global Atlantic's alleged violations of NYGBL § 349, "Plaintiff and Class members have suffered actual, concrete, and imminent injuries. The injuries suffered by Plaintiff and Class Members include: (a) the invasion of privacy; (b) the compromise, disclosure, theft, and unauthorized use of Plaintiff's and Class Members' Private Information; (c) economic costs associated with the time spent to detect and prevent identity theft, including the cost of credit and identity theft monitoring as well as loss of productivity; (d) monetary costs associated with the detection and prevention of identity theft; (e) economic costs, including time and money, related to incidents of actual identity theft; (f) the emotional distress, fear, anxiety, nuisance and annoyance of dealing related to the theft and compromise of their Private Information; (g) the diminution in the value of the services bargained for as Plaintiff and Class Members were deprived of the data protection and security that Defendant promised when Plaintiff and the proposed class entrusted Defendant with their Private Information; and (h) the continued and substantial risk to Plaintiff's and Class Members' Private Information, which remains in the Defendant's possession with inadequate measures to protect Plaintiff's and Class Members' Private Information." *Id*. at ¶ 107. Plaintiff seeks "to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees." *Id*. at ¶ 111.

35. Under the NYGBL § 349(h), "any person who has been injured by reason of any

violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff."

36. Plaintiff's Complaint contains no allegations that would support or suggest the amount of "greater or actual damages" that Plaintiff and the putative class are entitled for Global Atlantic's alleged violations of NYGBL § 349. Thus, assuming the statutory damages amount of $50 per putative class member was valid and awarded, the amount in controversy would be $58,660,450 (calculated as: 1,173,209 individuals notified, times $50).

37. <u>Other Claims.</u> None of the other causes of action in Plaintiff's Complaint contain allegations that would support or suggest the amount in actual damages to which he or any member of the Class would allegedly be entitled. However, because Plaintiff seeks damages based on an "increased risk of suffering . . . [o]ut-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud," one option for assigning a value to these damages is through the cost of credit monitoring. Exhibit A at ¶ 40. The cost of credit monitoring is the "out-of-pocket expenses" associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or authorized use of their PII and PHI that Plaintiff alleges he and the Class are at risk of in the future.

38. Three main identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $8.99 to $19.99 per person per month. For example, LifeLock offers a product, titled Norton360 with LifeLock, that provides 1-

10

Bureau credit monitoring with up to $25,000 in "stolen funds reimbursement" for $9.99 per month.[3] Similarly, both Equifax[4] and Experian[5] offer products that provide 3-Bureau credit monitoring with up to $1 million in identity theft insurance for $19.95 and $24.99 per month. Multiplying just the cost of providing one month of credit-monitoring services at $9.99 (the cheapest of the three products) by the number of putative class members, the amount in controversy for just credit monitoring is approximately $11,720,357 (calculated as: 1,173,209 individuals notified times $9.99 per month).

39. <u>Total Amount in Controversy</u>. Based on the discussion above, the amount in controversy based on just one month of Norton360 with LifeLock credit monitoring and the statutory damages under NYGBL § 349 for each member of the putative class is approximately $70,380,807. That far exceeds the $5,000,000 CAFA minimum before ever considering other forms of compensatory damages, injunctive relief, treble damages, or attorneys' fees. Accordingly, Global Atlantic meets all requirements for removal under CAFA, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## **NOTICE**

40. Defendant is providing written notice of the removal of this case to Plaintiff's counsel, and a notice of filing this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of New York, County of New York in accordance with 28 U.S.C. §1446(d).

---

[3] *See* https://us.norton.com/products/norton-360 (last visited: October 24, 2023).
[4] *See* https://www.equifax.com/equifax-complete/Equifax/?CID=2_equifax%20credit%20monitoring_G_e&adID=502355 (last visited: October 24, 2023).
[5] *See* https://www.experian.com/protection/identity-theft-and-credit-protection/ (last visited: October 24, 2023).

## **CONCLUSION**

WHEREFORE, Defendant removes the State Court Action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: November 8, 2023  
New York, New York

Respectfully Submitted,

*s/ Robyn Feldstein*  
Robyn Feldstein  
**BAKER & HOSTETLER LLP**  
45 Rockefeller Plaza  
New York, New York 10111-0100  
Tel: 212-589-4278  
Fax: 212-589-4201  
E-Mail: rfeldstein@bakerlaw.com

*Attorney for Defendant The Global Atlantic Financial Group, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL BERNSTEIN, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>THE GLOBAL ATLANTIC FINANCIAL GROUP LLC,<br><br>  Defendant. | Case No.<br><br>**CERTIFICATE OF SERVICE** |

   I hereby certify that on November 8, 2023, I electronically filed a Notice of Removal of this action that was originally filed in the Supreme Court of New York, County of New York in this Court. Also, on November 8, 2023, I filed formal notice of the removal (including a copy of the Notice of Removal Papers filed in this Court) with the Supreme Court of New York, County of New York, using the NYSCEF electronic filing system, which sent notice of such filing to Plaintiff's counsel. On the same date, I also served a copy of the removal papers, the Rule 7.1 Disclosure Statement, Civil Cover Sheet, Electronic Case Filing Rules & Instructions and the Individual Practices of the assigned Judge via first class mail to Plaintiff's counsel below:

   Gary S. Graifman, Esq.
   Kantrowitz Goldhamer & Graifman, P.C.
   16 Squadron Blvd., Suite 106
   New City, NY 10956
   Tel: (845) 356-2570, X129
   Fax: (845) 356-4335
   Email: ggraifman@kgglaw.com

   Howard T. Longman
   Longman Law, P.C.
   354 Eisenhower Parkway, Suite 1800
   Livingston, New Jersey 07039
   Tel: (973) 994-2315

Fax: (973) 994-2319
Email: hlongman@longman.law

*Attorneys for Plaintiff & the Proposed Class*

*/s/ Robyn Feldstein*
Robyn Feldstein
